IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| NANCY H. SHELLEY, | * | Chapter 13 |
|     Debtor | * | |
| | * | Case No.: 1-04-bk-01123MDF |
| NANCY H. SHELLEY, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-ap-00232 |
| | * | |
| BENEFICIAL CONSUMER DISCOUNT | * | |
| COMPANY d/b/a BENEFICIAL | * | |
| MORTGAGE COMPANY OF | * | |
| PENNSYLVANIA, and d/b/a | * | |
| BENEFICIAL FINANCE, | * | |
|     Defendant | * | |

## OPINION

Beneficial Consumer Discount Company ("Beneficial") filed a motion requesting the Court to dismiss an adversary complaint filed against it by Nancy H. Shelley ("Debtor"). In the complaint, Debtor seeks a determination that she validly rescinded a mortgage granted to Beneficial in 2002 and an award of damages under state and federal anti-predatory lending statutes.[1] Beneficial moved to dismiss the complaint alleging that the suit was barred by an April 30, 2004 order entered by the District Court for the Northern District of California ("District

---

[1] The statutes on which Debtor bases her claims are: the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; and Pennsylvania Unfair Trade Practices and Consumer Practices Law, 73 P.S. § 201-1 et seq.

1

Court") approving the settlement of a class action in which Debtor was an unwitting plaintiff. *See In re Household Lending Litigation*, Civ. A. No. 02-1240 CW (N.D. Cal.).[2]

In the dismissal motion, Beneficial asserts that Debtor was a member of the class in the California litigation and is bound by the settlement approved by the District Court. According to Beneficial, the terms of the settlement bar Debtor and other class plaintiffs from pursuing certain forms of affirmative relief, including the relief sought Debtor seeks in this adversary complaint. In response to the motion to dismiss, Debtor moved this Court to void the judgment approving the class action settlement, alleging that it had been entered in violation of the automatic stay. Debtor's motion to void the judgment and Beneficial's motion to dismiss are currently before the Court.

## Factual and Procedural History

The California class action and Debtor's bankruptcy case proceeded on separate tracks until the filing of Debtor's complaint against Beneficial placed the cases on a collision course. In 2000, Debtor obtained a loan from Beneficial secured by a mortgage on her home. On January 25, 2002, Debtor obtained a second loan through Beneficial to pay off the 2000 loan.[3] At about the same time, several lawsuits were filed in the Northern District of California against Beneficial and other parties for violation of various state and federal lending statutes. On

---

[2]The Household Lending Litigation named Beneficial Corporation, an affiliate of Beneficial Consumer Discount Company, as one of the defendants in the class action.

[3]The adversary complaint makes reference to a third loan obtained by Debtor on April 12, 2001, but this loan was unsecured and is dischargeable. Since the dischargeability of the 2001 loan is not affected by the outcome of the instant adversary, it is not material to this Opinion.

2

November 14, 2002, the District Court consolidated the suits and certified a class to proceed with the litigation.

On December 12, 2003, the District Court preliminarily approved a settlement between Beneficial and the class. *In re Household Lending Litigation*, Civ. A. No. 02-1240 CW (N.D. Cal. December 12, 2003) ("Preliminary Approval Order"). The Preliminary Approval Order designated a settlement administrator to mail notice of the proposed settlement to the last known address of all settlement class members and publish notice of the settlement twice in the national edition of *USA Today*. *Id*. at ¶8. In the event that the notice was returned as undeliverable, Beneficial was obligated to make reasonable efforts to obtain updated address information, and the settlement administrator would resend the notice to the class member at the alternate address. *Id.* The notice provided that members of the class could opt out if they provided affirmative notification at least twenty-one (21) days before the hearing scheduled for April 30, 2004 that they did not wish to participate in the settlement. Under the terms of the Preliminary Approval Order, only opt-out requests that complied with the requirements set forth in the notice would be valid, and class members who failed to opt out would be bound by the final order to be issued by the District Court. *Id.* at ¶¶ 9-10. On December 22, 2003, the settlement administrator mailed the notices as specified in the District Court's order. After conducting a fairness hearing, the District Court approved the class action settlement on April 30, 2004. *In re Household Lending Litigation*, Civ. A. No. 02-1240 CW (N.D. Cal. April 30, 2004) ("Final Approval Order") at ¶ 9.

Meanwhile, Beneficial obtained a default judgment in mortgage foreclosure against Debtor in the York County Court of Common Pleas on November 19, 2003. Thereafter, Debtor was notified that a sheriff's sale on the judgment in foreclosure was scheduled for April 19,

2004. On February 20, 2004, Debtor sent Beneficial a letter purporting to rescind both mortgage loans under the provision of the Truth in Lending Act and, within the same week, filed her bankruptcy petition.

On January 31, 2005, a hearing was held before this Court on Debtor's motion to void the entry of the class action judgment. The parties agreed at the hearing that the Court should consider Beneficial's motion to dismiss Debtor's complaint together with the motion to void the judgment. Specifically, the parties agreed that the Court should determine as a matter of law two issues: (1) whether the release incorporated in the class action settlement barred Debtor from pursuing the instant complaint against Beneficial; and (2) whether the final order approving the class action settlement was entered in violation of the automatic stay. Both parties also filed briefs and responsive briefs thereafter. Both matters are ready for decision.[4]

## Discussion

A motion to dismiss a case for failure to state a claim upon which relief can be granted filed under Federal Rule of Civil Procedure 12(b)[5] tests the legal sufficiency of the allegations of a complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir.1987). When considering a motion to dismiss, the trial court must "accept as true all allegations in the complaint, giving the Plaintiff the benefit of every favorable inference that can be drawn from the allegations." *In re Board of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 168 (3d Cir. 2002). A motion should be granted "if it appears to a certainty that no relief could be granted

---

[4]I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

[5]Federal Rule of Civil Procedure 12(b)-(h) are made applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure 7012(b).

4

under any set of facts which could be proved." *Morse*, 132 F.3d at 906. The pertinent inquiry on a motion to dismiss pursuant to Rule 12(b)(6) "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Orr v. Bernstein (In re Bernstein)*, 259 B.R. 555, 556 (Bankr. D. N.J. 2001). The burden of demonstrating that the Plaintiff has failed to state a claim upon which relief may be granted rests on the movant. *Tracinda Corp. v. DaimlerChrysler (In re DaimlerChrysler AG Securities Litigation)*, 197 F.Supp.2d 42, 55 (D. Del. 2002).

Beneficial's argument for dismissal of Debtor's complaint is straightforward – Debtor's right to assert a claim against Beneficial was cut off when she failed to opt out of the class action settlement. Debtor makes three arguments in support of her position that the class action should not operate as a bar to her claims for relief. First, Debtor argues that the automatic stay created by the filing of Debtor's petition stayed entry of the class action settlement, at least as to her. Second, Debtor asserts that she did not receive notice of the proposed settlement, had no opportunity to opt out and, therefore, should not be bound by its terms. Third, even if Debtor is bound by the terms of the class action settlement, her claims are preserved by the terms of the the settlement release.

Beneficial counters that Debtor's loans were made within the time frame encompassed by the class action and so Debtor was properly included in the class. Specifically addressing the notice issue, Beneficial argues that since the District Court approved the notice procedures for the proposed settlement, proof that notice was mailed to Debtor and that the mailing was not returned, effectively binds her to the terms of the settlement. Beneficial also argues that the automatic stay that results from the bankruptcy of an isolated class member cannot be held to

5

void the entry of a judgment involving the entire class. In that regard, Beneficial points out that the judgment was not entered *against* Debtor but *for* her, so the stay would not apply in any event since it only precludes actions *against* a debtor or her assets.

Debtor argues that even if she is bound by the terms of the class action settlement, the language of the release preserves her right to raise the claims covered in the release as a defense to the mortgage foreclosure action. She asserts that the bankruptcy petition was filed "in response to" the foreclosure, which is specifically permitted under the terms of the release.

    *a.*    *Standard for granting a motion to dismiss*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)(citing 5A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1357, at 299(2d ed. 1990)). Further, courts also may consider "an undisputedly authentic document" that a defendant attaches to a motion to dismiss if the plaintiff's claim is based on the document. *Id.*[6] In the instant action, Beneficial attached copies of the Preliminary Approval Order, the Final Approval Order, the Stipulation and Agreement of Settlement in the Household Lending Litigation, the Declaration of Julie Redell, the settlement administrator, and the Declaration of Michael Jinkens, the account manager at Poorman-Douglas Corporation, the entity that administered the class settlement. Debtor's claim is not based on any of the documents attached to Beneficial's motion. Nevertheless, I clearly may take judicial notice of the two orders entered by the District Court. *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004);

---

[6] Under Federal Rule of Civil Procedure 12(b)(6), a court may not consider declarations attached to the motion to dismiss.

6

*GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)("[J]udicial approval of a class action settlement is an appropriate subject for judicial notice because it is a source 'whose accuracy cannot reasonably be questioned.'") Consideration of the other documents, however, would be appropriate under Rule 12(b)(6) only if the motion were treated as one for summary judgment, and the parties were given reasonable opportunity to present material pertinent under Rule 56. *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989). Therefore, to determine whether dismissal of the complaint is warranted, I may examine the complaint, the exhibits attached to the complaint, and the preliminary and final orders issued by the District Court in the class action.

   b.  *The effect of the automatic stay on the entry of the Final Approval Order*

  Debtor responded to the motion to dismiss her complaint with a motion requesting the Court to void the Final Approval Order as having been entered in violation of the automatic stay. "Generally, judicial actions and proceedings against the debtor are void *ab initio* absent relief from the stay." *Constitution Bank v. Tubbs,* 68 F.3d 685, 692, fn. 6 (3rd Cir. 1995). However, the stay does not prohibit the continuation of an action filed by a debtor as plaintiff. *In re Miller,* 397 F.3d 726 (9th Cir. 2005); *MTGLQ Investors, L.P. v. Guire*, 286 F.Supp.2d 561, 563 (D. Md. 2003)(citing *Mitchell v. Fukuoka Daiei Hawks Baseball Club*, 206 B.R. 204, 212 (C.D. Cal. 1997)) ("The Section 362 stay does not apply where, as here, the debtor is the plaintiff in a lawsuit."). *See also Worth v. Tamarack American Co.,* 47 F.Supp.2d 1087, 1099 (S.D. Ind. 1999); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989). Therefore, the filing of Debtor's bankruptcy case was not a bar to entry of the Final Approval Order in the class action in which Debtor was a plaintiff unless the District Court did not have

7

personal jurisdiction over Debtor.

       *c.       Sufficiency of notice of class action provided to Debtor*

Debtor argues that she is not barred by the class action settlement from pursuing various causes of action against Beneficial since she did not have actual notice of the suit. She further asserts that if she had received notice of the proposed settlement, she would have opted out of the suit. Beneficial responds that her alleged lack of notice is irrelevant to the question of whether she was a plaintiff; in class action litigation, actual notice is not required. For purposes of the instant decision, I will assume that Debtor did not receive notice of the procedures required to opt out of the class action or of the settlement.

       *1. Notice in Class Actions under Federal Rule of Civil Procedure 23.*

In general, class actions were designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," and those who are not named are neither entitled to notice, nor bound by its judgment. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996), *citing Califano v. Yamasaki,* 442 U.S. 682, 700-01, 99 S.Ct. 2545, 2557-2558, 61 L.Ed.2d 176 (1979). Rule 7023 incorporates Federal Rule of Civil Procedure 23 which sets forth the requirements and procedures for maintaining a class action. Subdivision (a) of the Rule describes the prerequisites to bringing an action. Under subdivision (b), plaintiffs must fit into one of three categories to maintain the action. As stated by the District Court in the Final Approval Order, the Household Lending Litigation class action was brought under Rule 23(b)(3) since it involved common damage claims or other property interests. "[A]ll class members in a [Rule 23] (b)(3) action are entitled to notice and an opportunity to exclude themselves from the class and the preclusive effect of any judgment by

8

'opting out' of the lawsuit." *Eubanks v. Billington*, 110 F.3d 87, 92, (D.C. Cir. 1997). Although notice must be given as directed by the court in a Rule 23(b)(3) class action, there is no requirement that all members of the class receive actual notice of the lawsuit and their ability to opt out. All that is required is that class members are given "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Courts consistently have held that actual notice need not be provided to each member of the class. *Reppert v. Marvin Lumber and Cedar Co., Inc.*, 359 F.3d 53, 56-57 (1st Cir. 2004)("[I]f the absent class members fail to opt out of the class action, such members will be bound by the court's actions, including settlement and judgment, even though those individuals never actually receive notice"); *Silber v. Mahon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994)(actual notice is not required under Rule 23(b)); *In re Prudential Insurance Co. of America Sales Practices Litigation,* 177 F.R.D. 216, 231 (D. N.J. 1997)("[D]ue process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties."), aff'd, 148 F.3d 282 (3d Cir. 1998); *Montgomery v. Beneficial Consumer Discount Co.*, 2005 WL 497776, *5 (E.D. Pa.)("The requirement of 'best notice practicable under the circumstances' has consistently been held *not* to require actual notice for every class member.")

In this case, the Preliminary Approval Order directed the settlement administrator to mail notice to each individual class member's last known address. If the mail was returned as undeliverable, the settlement administrator was required to attempt to locate an updated address and resend the notice. Preliminary Approval Order at ¶8. The order also required that notice be provided through publication in *USA Today*. Any member of the class was permitted to opt out

of the settlement by requesting exclusion from the class up to twenty-one (21) days before the final hearing scheduled for April 30, 2004. *Id.* at ¶10. The Preliminary Approval Order further provided that any class member who did not opt out under the order's terms would be bound by all determinations and judgments of the class settlement, including the release of claims.

I conclude that the inability of Beneficial to provide evidence that Debtor received actual notice of the class action settlement did not preclude her from being included as an "absent plaintiff" in the class action and being bound by the terms of the order. *See generally Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 848, 119 S.Ct. 2295, 2327, 144 L.Ed.2d 715, 748 (1999); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 2980, 86 L.Ed.2d 628, 643 (1985).

### 2. *Whether Principles of Res Judicata Apply*

"Under *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In order for the doctrine of *res judicata* to apply there must be (1) a final judgment on the merits, (2) an identity of the cause of action between the two actions, and (3) an identity of parties or their privies in the two actions. *Lee v. City of Peoria,* 685 F.2d 196, 199 (7th Cir.1982); *Church of the New Song v. Establishment of Religion,* 620 F.2d 648, 652 (7th Cir.1980), *cert. denied,* 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981). Without valid notice, there can be no *res judicata* effect given to judicial determination of the claims of absent class members in a Rule 23(b)(3) class action. *Reppert*, 359 F.3d at 56, *citing Matsushita Elec. Indus. Co., Ltd. v. Epstein,* 516 U.S. 367, 379, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996). Due process requires only "best efforts" (*See*

*Peters v. National Railroad Passenger Corp.*, 966 F.2d 1483 (D.C. Cir. 1982)) in providing notice and not a guarantee of success. Therefore, a judgment in a Rule 23(b)(3) case will have *res judicata* effect against an absentee class member even though such member did not receive actual notice of the class action, if due process requirements were satisfied by mailing notices to all class members and by posting and publishing the notice. *Eubanks v. Billington*, 110 F.3d 87, 92 (D.C. Cir. 1997); *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D. Cal. 1976).

In the instant case, there is no dispute that the circumstances of Debtor's transactions with Beneficial would have brought her into the class of the named plaintiffs in the underlying litigation. There is also no dispute that the District Court approved the notice procedures employed in class action and found that the notice procedures were followed. Beneficial is correct that whether Debtor received actual notice is not relevant to the question of whether she is bound by the class action settlement. Therefore, I conclude that the Final Approval Order is *res judicata* in the instant adversary case and that Debtor is bound by the terms of the judgment.

   d. *Debtor's claims and the class action settlement release*

This brings us to the issue of whether Debtor's complaint should be dismissed because the release in the Final Settlement Order bars Debtor from pursuing the relief requested in her complaint or whether Debtor's cause of action is preserved by certain exclusions from the release. Paragraph nine of the Final Approval Order provides that:

> [n]otwithstanding this release, a Settlement Class Member may assert any claim or defense that may exist with respect to a loan with [Beneficial] in *response* to a judicial or threatened non judicial foreclosure, including those related to the lending practices listed in the release; however, the Released Claims cannot form the basis for an affirmative monetary recovery against the Released Parties or any of them (emphasis added).

The Final Approval Order incorporated and repeated the terms of the class action settlement agreement. A settlement is a contract and, accordingly, is interpreted under contract law. *Waters v. International Precious Metals Corp.*, 237 F.3d 1273, 1277 (11th Cir. 2001) (Class action settlement "[a]greement is a contract, so our analysis is governed by principles of general contract law."); *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir.1989) (In interpreting settlements, "familiar principles of contract law" apply.) *See also Pigford v. Veneman*, 292 F.3d 918, 923 (D.C. Cir. 2002) (class action consent decrees have qualities of both contracts and court orders). One basic principle of contract law is that terms are to be given their "plain and ordinary meaning." *Waters*, 237 F.3d at 1277. A court should not add or subtract language from a clearly worded agreement. *Id.*

In her complaint, Debtor alleges that she sent a letter rescinding both the 2000 and 2002 loans and filed her bankruptcy petition "in response to" the foreclosure judgment taken against her. The Court concludes that the plain meaning of the Final Settlement Order permits Debtor to raise the rescission defense in response to the foreclosure action. However, other counts in the complaint – damages for violation of various anti-predatory lending statute – are included in the release provision barring plaintiffs from seeking an affirmative monetary recovery. Therefore, the counts seeking damages against Beneficial will be dismissed. The remaining issue is whether Debtor validly rescinded the 2002 loan under the provisions of TILA.

TILA's declared purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 363-368, 93 S.Ct. 1652, 1657-1660, 36 L.Ed.2d 318 (1973). TILA also authorizes a borrower whose loan is secured with his "principal dwelling," and who has not been provided with the requisite disclosures, to rescind the loan transaction entirely "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a); *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408, 1409 - 1410 (1998). "The Act provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' if the required disclosures have never been made. [15 U.S.C.] §1635(f). The Act gives a borrower no express permission to assert the right of rescission as an affirmative defense after the expiration of the 3-year period." *Id.*

In the case before me, Beneficial extended the first loan to Debtor on March 21, 2000 and the second loan on January 25, 2002. Debtor's counsel sent a letter to Beneficial on February 20, 2004 notifying the lender that she was electing to rescind both loans. Since the rescission period for the 2000 loan expired in 2003, Debtor's attempt to rescind the 2000 loan was untimely.[7] The purported rescission of the 2002 loan occurred prior to the expiration of the

---

[7] Debtor apparently recognizes the untimeliness of the request as to the 2000 loan since her complaint did not seek rescission of the earlier loan.

13

three-year period, but it cannot be determined from allegations contained in the complaint, exhibits attached to the complaint and matters of public record that the loan may not be rescinded under TILA.

Further proceedings will be required to determine whether Debtor may rescind the 2002 loan. "Neither the statute nor the regulation establishes that a borrower's mere assertion of the right of rescission has the automatic effect of voiding the contract." *In re Yamamoto,* 329 F3d 1167 (9th Cir. 2003), *quoting Large v. Conseco Finance Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002). Instead, "the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined. . . . Until such decision is made, the borrowers have only advanced a claim seeking rescission." *Large*, 292 F.3d at 55.

In the instant case, Beneficial has not acknowledged that the right of rescission is available. For this Court to make this determination, Debtor must show that Beneficial failed to comply with TILA, that rescission was available as a remedy, and that all statutory requirements were met to effect rescission. *Petroski v. First Horizon Home Loans Inc.* 2004 WL 1551736, *1 (E.D.Pa.) ("Failure to properly notice the consumers of their right to rescind under TILA extends the usual three day rescission window to three years.") Further, there are other facts not in evidence that will bear on Debtor's ability to exercise the right of rescission. *See Williams v. Homestake Mortgage Co.*, 968 F.2d 1137, 1139 (11th Cir. 1992)(Debtor must prove her ability to repay the loan being rescinded).

14

**<u>Conclusion</u>**

Debtor's Complaint requests a determination that Debtor validly rescinded the 2002 mortgage under TILA and an award of actual, punitive and statutory penalties under TILA, ECOA, RESPA, and state law. Based upon the foregoing, the Court will dismiss all counts in the Complaint except the claim for rescission under TILA. Trial on the complaint shall be restricted to the issue of whether Debtor has the right under TILA to rescind the 2002 loan. Debtor's motion to void the class action judgment will be denied.

An appropriate order will be entered.

BY THE COURT,

*Mary D. France*
Bankruptcy Judge

Date: July 25, 2005

*This electronic opinion is signed and filed on the same date.*